UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:07-CR-06 |
| V. | ) | (PHILLIPS/SHIRLEY) |
| | ) | |
| DENNY MICHAEL MOORE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) and by Order of the Honorable Thomas W. Phillips [Doc. 18] for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on Defendant's Motion to Withdraw Plea and Substitute Counsel [Doc. 15][1], Defendant's Pro Se Motion for Review of Counsel [Doc. 17], and the government's Motion for Extension of Time to File Response to Defendant's Motion to Withdraw Plea [Doc. 16].

These matters came before the Court on April 12, 2007, for a hearing. Assistant United States Attorney Tracy Stone appeared on behalf of the government. Attorney Paula Voss was present, representing Defendant, who was also present. Additionally, CJA Attorney Robert Vogel was present.

---

[1] This motion actually contains two motions: a motion to withdraw a guilty plea and a motion to substitute counsel. Only the portion of Doc. 15 dealing with the motion to substitute counsel is presently pending before and referred to the undersigned. The portion dealing with Defendant's motion to withdraw his guilty plea is being held, in abeyance, by the District Court pending this ruling. [See Doc. 18].

Defendant moved by counsel's motion [Doc. 15] and a pro se motion [Doc. 17] for new counsel. In counsel's motion, Attorney Voss stated that she erred when informing Defendant of his possible sentence if he were to enter a plea, and this error caused Defendant to lose confidence in her abilities. Defendant's motion [Doc. 17] makes the same argument. Defendant claims that he is not capable of reading and writing, relied heavily on counsel, and lost confidence in her when she incorrectly informed him of his potential sentence. At the hearing, Defendant and counsel argued consistent with their filings. AUSA Stone represented that the error at issue was due to incomplete information that had led both the government and Defendant's counsel to believe the sentencing ranges were less substantial than they actually were.

The Court questioned Defendant and found that this error, which appears to be an error even the most competent attorney might make, caused Defendant to lose confidence in Attorney Voss's abilities. In light of this unique situation, the Court finds that a substitution of counsel is proper and necessary. Accordingly, Attorney Paula Voss is **REMOVED as counsel of record**. CJA Attorney Robert Vogel was present to accept an appointment. The Court appointed CJA Attorney Vogel, and he is now counsel of record for Defendant.

In response to Defendant's motions, the government moved [Doc. 16] for an extension of time to file its response to Defendant's Motion to Withdraw Guilty Plea. The government argued that an extension should be granted to allow Defendant's counsel to be substituted and Defendant's new counsel to determine whether the motion to withdraw should remain as filed. The Court finds the government's motion [Doc. 16] well-taken, and it is **GRANTED**.

CJA Attorney Vogel represented that he needed time to review the file, research, and decide whether the motion to withdraw the plea will remain as filed. CJA Attorney Vogel has until **April 27, 2007** to advise the government of Defendant's position on said motion. If Defendant intends to proceed with his motion to withdraw the plea, the government has until **May 4, 2007** to file its response. Accordingly, it is **ORDERED**:

> (1) Defendant's Motion to Substitute Counsel [Doc. 15] is **GRANTED**;
>
> (2) Defendant's Motion to Review Counsel [Doc. 17] is **DENIED as moot**;
>
> (3) Attorney Paula Voss is **REMOVED** as counsel of record;
>
> (4) CJA Attorney Robert Vogel is **APPOINTED** as counsel of record;
>
> (5) Defendant has until **April 27, 2007** to apprise the government of his position; and
>
> (6) The government has until **May 4, 2007** to respond to Defendant's Motion to Withdraw Plea.
>
> **IT IS SO ORDERED.**

**ENTER:**

        s/ C. Clifford Shirley, Jr.
United States Magistrate Judge